# In the

# United States Court of Appeals

## For the Seventh Circuit

———————

No. 03-3681

UNITED STATES OF AMERICA,

*Plaintiff-Appellee*,

v.

PAUL A. HENNINGSEN,

*Defendant-Appellant.*

———————

Appeal from the United States District Court
for the Eastern District of Wisconsin.
No. 03 CR 10—**J.P. Stadtmueller**, *Judge.*

———————

ARGUED SEPTEMBER 13, 2004—DECIDED MARCH 29, 2005

———————

Before BAUER, RIPPLE, and ROVNER, *Circuit Judges*.

BAUER, *Circuit Judge.* Paul A. Henningsen is a former Milwaukee alderman who was convicted of four counts of mail fraud on June 20, 2003, for diverting campaign funds for personal use. At the sentencing hearing, the district judge made findings of fact that increased Henningsen's base offense level under the Federal Sentencing Guidelines ("Guidelines"). These findings were in connection with (1) the amount of loss, pursuant to § 2B1.1 of the Guidelines, (2) the number of victims, pursuant to § 2B1.1(b)(2)(B), and (3) obstruction of justice, pursuant to § 3C1.1. All told, these

findings elevated Henningsen's base offense level 12 points to a total offense level of 20, which under the Guidelines, carried a sentencing range of 33-41 months. The district judge sentenced Henningsen to 33 months for each of the four counts, to be served concurrently.

Henningsen did not raise a Sixth Amendment challenge to the district judge's factual findings at sentencing. The sentence was imposed, and Henningsen appealed. Prior to oral argument on Henningsen's appeal, the Supreme Court issued *Blakely v. Washington*, 124 S.Ct. 2531 (2004), which held that imposition of sentencing enhancements under the state of Washington's mandatory guidelines system premised upon facts neither admitted by the defendant nor found by the jury violated the Sixth Amendment. This court followed with *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004), which held *Blakely* applicable to the Federal Sentencing Guidelines. Pursuant to these decisions, Henningsen challenged the constitutionality of his sentence in a Rule 28(j) letter and at oral argument. In addition, on September 3, 2004, Henningsen filed a motion for stay of sentence and bail pending appeal.

On October 15, 2004, we affirmed the decision of the district court on the merits, but vacated the sentence and remanded the case to the district court for resentencing. We stayed our mandate, however, pending the outcome of *Booker* on *certiorari* to the Supreme Court, and granted the parties leave to submit memoranda on the issue within 14 days of the Court's decision. On January 12, 2005, the Supreme Court issued a decision in *United States v. Booker*, 125 S.Ct. 738 (2005), which affirmed this court's decision, but also rendered the Guidelines non-binding. Both parties then submitted briefs with respect to the constitutionality of Henningsen's sentence in light of the Court's ruling.

## I. Discussion

Henningsen claims that his constitutional right to a trial by jury was violated when the district court made findings of fact that compelled the judge to impose enhancements on his sentence. Henningsen's failure to challenge the constitutionality of the enhancements below means that his Sixth Amendment claim was forfeited. Therefore, we review for plain error, consistent with FED. R. CRIM. P. 52(b). *United States v. Olano*, 507 U.S. 725, 732 (1993); *see also United States v. Cotton*, 535 U.S. 625, 631 (2002); *United States v. Paladino*, 2005 WL 435430, at *7 (7th Cir. 2005); *United States v. Ottersburg*, 76 F.3d 137, 138 (7th Cir. 1996). The Supreme Court has ruled that an appellate court can correct an error that the defendant failed to raise below only when there was (1) error, (2) that is plain, and (3) that affects substantial rights. *Olano*, 507 U.S. at 732; *see also Paladino*, 2005 WL 435430, at *7. If these conditions are met, an appellate court may exercise its discretion to notice a forfeited error if (4) the error seriously affects the fairness, integrity, or public reputation of the proceedings. *Id.*

The government does not contest that the first two prongs of the plain error test are met, but we will run through them quickly. In *Booker*, the Supreme Court reaffirmed its ruling in *Apprendi v. New Jersey*, 530 U.S. 466 (2000), holding, "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 125 S.Ct. at 756. The Court also severed the mandatory language of the Federal Sentencing Guidelines, thereby rendering them advisory. *Id.* at 764. The enhancements imposed upon Henningsen's sentence were erroneous under *Booker* because they were driven by findings of fact that the judge was compelled by the Guidelines to make, which increased the sentence beyond what the jury's findings of fact alone

would have allowed. Furthermore, the error was plain because the law at the time of trial was settled and it is clearly contrary to the rule established in *Booker*, the law at the time of appeal. *Johnson v. United States*, 520 U.S. 461, 468 (1997).

Under the third prong of the plain error test, the error must have affected the defendant's substantial rights. *Olano*, 507 U.S. at 734; *see also Paladino*, 2005 WL 435430, at \*7. In all but a few narrow circumstances, courts have interpreted this to mean that the error "must have affected the outcome of the district court's proceedings." *Olano*, 507 U.S. at 734; *see also Paladino*, 2005 WL 435430, at \*8; *Johnson*, 520 U.S. at 468-89. The defendant bears the burden of persuasion on this issue. *Olano*, 507 U.S. at 734. The government argues that Henningsen has not carried that burden because he can point to no place in the record where the judge expressly stated that he would have issued a lesser sentence had he not been bound by the Guidelines.

We recently held in *Paladino* that the only way to determine whether a *Booker* error prejudiced a sentencing outcome is to ask the district judge. *Paladino*, 2005 WL 435430, at \*10. Therefore, we order a limited remand to give the district judge an opportunity to say whether he would impose his original sentence had the Guidelines been merely advisory. The district judge should solicit the views of counsel in reaching his decision, but Henningsen need not be present at this stage. *Id.* During this limited remand, we retain jurisdiction of the appeal. *Id.* If the district judge decides that he would reimpose the original sentence, he should explain his decision in the record, and we will affirm if the sentence is reasonable. *Id.* If, on the other hand, the district judge tells us that he would lower the sentence in light of *Booker*, we will vacate the original sentence and remand for resentencing with Henningsen present. *Id.*

In the event that the third prong of the plain error test is satisfied, we then will decide whether the sentencing error

"seriously affect[ed] the fairness, integrity, or public repu-
tation of the proceedings." *Paladino*, 2005 WL 435430, at *7;
*see also Johnson*, 520 U.S. at 467. The government argues
that Henningsen received a fair sentence consistent with a
long-standing, federally approved practice, and that imposi-
tion of that sentence, while erroneous in hindsight, is not so
egregious as to threaten the fairness of the proceedings. We
were not receptive to this argument when the government
made it in *Paladino*, 2005 WL 435430, at *9, and we con-
tinue to view it with skepticism. Although we cannot know
if there was error, or the extent of that error, until the
district judge expresses himself, this court recognizes that
"the entry of an illegal sentence is a serious error routinely
corrected on plain-error review." *Id.* at *9; *see also United
States v. Pawlinski*, 374 F.3d 536, 540-41 (7th Cir. 2004).

As a final matter, Henningsen requests that we grant his
motion for a stay of the balance of his sentence and release
him from custody on bail pending the resolution of his ap-
peal. In order to succeed on this motion, Henningsen must
show that his appeal is likely to result in a sentence which
would be less than the total of the time he has already
served plus the expected duration of his appeal. 18 U.S.C.
§ 3143(b)(1)(B)(iv). Henningsen has served approximately
17 months of his 33-month sentence. Since Henningsen's
appeal cannot be expected to take 16 more months, and be-
cause it is not clear whether the district court will decide to
resentence in light of *Booker*, the motion is denied.

## II. Conclusion

We hereby direct a limited REMAND of Henningsen's
sentence pursuant to *Paladino* and the procedure set forth
above. In the meantime, we retain appellate jurisdiction.
Henningsen's motion for stay of sentence and bail pending
appeal is DENIED.

A true Copy:

    Teste:

_____
*Clerk of the United States Court of*
*Appeals for the Seventh Circuit*

USCA-02-C-0072—3-29-05